**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VEE THON,

              Petitioner,

      v.

MARKWAYNE MULLIN et al.,

              Respondents.

Case No. 5:26-cv-03529-MAR

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

**I.**

**INTRODUCTION & PROCEDURAL HISTORY**

On June 25, 2026, Petitioner Vee Thon ("Petitioner"), an immigration detainee, filed, through counsel, a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention at the Adelanto Detention Center.  Dkt. 1 ("Pet.") at 2.  Petitioner names as respondents Markwayne Mullin, Secretary of Department of Homeland Security, Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement, Todd Blanche, Attorney General of the United States, Andre Quinones, Field Office Director of Los Angeles ICE Field Office, and Fereti Semaia, Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, and (collectively "Respondents").

Id. at 3–4.  Respondents filed an Answer on July 7, 2026.  Dkt. 8 ("Answer").  In the Answer, Respondents state that they are "not presenting an opposition argument at this time."  Id. at 2.  Petitioner filed a Reply on the same day.  Dkt. 9 ("Reply").  For the reasons set forth below, the Court **GRANTS** the Petition.

## II.

## <u>FACTUAL BACKGROUND</u>

Petitioner is a Cambodian national who entered the United States in 1985 at the age of four.  Pet. at 4.  Petitioner was ordered removed on August 25, 2004.  Id. Petitioner was detained from July 22, 2004, until February 28, 2005, when he was released from custody because he could not be removed to Cambodia.  Id.  Petitioner was released from custody on an order of supervision ("OSUP"), and since his release he has not violated reporting requirements.  Id.

Petitioner was detained by ICE at a scheduled check-in meeting on June 18, 2026.  Id.  Petitioner was not provided notice that he would be detained.  Id. Respondents did not provide any other information or state that they have now been able to obtain a travel document to remove Petitioner to Cambodia.  Id.

## III.

## <u>SUMMARY OF PETITIONER'S CLAIMS</u>

Petitioner asserts four claims challenging the revocation of his OSUP and his continued detention.  Pet. at 4–9.  First, Petitioner asserts his detention violates 241.13(i)(2) and Due Process because his release was revoked without any change of circumstance regarding the likelihood of his removal.  Id. at 5.  Second, Petitioner asserts his detention violates 8 C.F.R. §§ 241.4(l) and Due Process because he has not violated the conditions of his release, the purposes of his release have not been served, and no other circumstances indicate that release is no longer appropriate.  Id. at 6. Third, Petitioner asserts his detention is without statutory basis because the ninety-day

removal period described in Section 1231 has long since lapsed. Id. at 6–7. Fourth, Petitioner asserts that his detention violates 8 U.S.C. § 1231(a)(6) and Due Process because there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future

Based on these claims, Petitioner seeks his immediate release from detention under his prior OSUP and the return of any confiscated property. Petitioner also seeks declaratory relief that his detention is unlawful. Finally, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act and any other relief the Court deems appropriate. Id.

## IV.

## LEGAL STANDARD

The Immigration and Nationality Act ("INA") establishes the procedures governing detention, release, and removal of noncitizens ordered removed from the United States. The statute at issue here, 8 U.S.C. § 1231(a), applies to detention following the entry of final order of removal, including individuals in withholding-only proceedings. See Johnson v. Guzman Chavez, 594 U. S. 523, 533 (2021); Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023).

Under 8 U.S.C. § 1231(a)(1)(A), an alien who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. § 1231(a)(1)(A); see also Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). Detention during the removal period is mandatory. See 8 U.S.C. § 1231(a)(2). After the 90-day removal period, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." Zadvydas, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)). However, Section 1231(a)(6) includes an implicit limit on "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. Recognizing constitutional concerns raised by such prolonged detention, the Supreme

Court observed "Congress previously doubted the constitutionality of detention for more than six months," and, therefore, "for the sake of uniform administration in the federal courts," established a presumptively reasonable six-month period for post-removal-order detention.  Id. at 701.  This six-month period is a presumption, not a guarantee of release, and detention may continue so long as removal remains reasonably foreseeable.  Id.

After the six-month period, the burden is on the alien to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.; see also 8 C.F.R. § 241.13 (setting out procedures to determine whether there is a significant likelihood of removal pursuant to Zadvydas).  If the alien meets this burden, then the Government must "introduce evidence to refute that assertion" or release the alien.  Id.  However, the alien still "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.  Importantly, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id.

## V.

## DISCUSSION

**A.    Petitioner's detention is prolonged under *Zadvydas*.**

Under 8 U.S.C. § 1231(a)(6), an alien subject to a final order of removal may be detained beyond the 90-day removal period only for a period reasonably necessary to effectuate removal.  See Zadvydas, 533 U.S. at 689.  Recognizing the constitutional concerns raised by indefinite immigration detention, the Supreme Court established a presumptively reasonable six-month period for post-removal-order detention.  See id. at 701.  After that period, continued detention is permissible only if removal remains reasonably foreseeable.  See id.

Here, Petitioner was detained from August 25, 2004, to February 28, 2005, prior

to his release under an OSUP. Pet. at 4. Since that time, Petitioner has been free under an OSUP for approximately twenty years. Id. Therefore, Petitioner contends that his detention is prolonged under Zadvydas.

"Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them." Siguenza v. Moniz, 2025 WL 2734704, at *3 (D. Mass. Sep. 25, 2025); Ta v. Noem, 2025 WL 3716155, at *5 (C.D. Cal. Nov. 10, 2025) ("The Supreme Court's concern that indefinite or prolonged detention would be unconstitutional applies equally to a single prolonged detention as it does to a detention that is broken up into shorter periods."); accord Yakoub v. Marin, 2026 WL 922015, at *4 (C.D. Cal. Mar. 31, 2026). In other words, "the six-month period does not reset when the government detains an alien under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." Sied v. Nielsen, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018). Instead, all periods of post-removal-order detention should be aggregated to determine whether the detention is prolonged under Zadvydas. See, e.g., Nguyen v. Scott, 796 F. Supp. 3d 703, 721-22 (W.D. Wash. 2025) (collecting cases).

Respondents do not contest the calculation of Petitioner's total post-removal-order detention. Thus, the Court concludes that Petitioner's post-removal-order detention has exceeded the presumptively reasonable six-month period and therefore constitutes prolonged detention under Zadvydas and Section 1231(a)(6). Because the six-month period has elapsed and Petitioner's detention is no longer "presumptively reasonable," the burden shifts to Petitioner to demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. The Court therefore turns to whether Petitioner has satisfied that burden.

///

///

5

**B.**    **Petitioner has demonstrated that removal is not reasonably foreseeable.**

Once detention extends beyond the presumptively reasonable six-month period, the detainee bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.  If the detainee makes such a showing, the burden shifts to the Government to produce evidence sufficient to rebut that showing.  Id.

Here, Petitioner contends that his removal is not reasonably foreseeable because he was detained for six months in 2004–2005, and he could not be removed.  He has been subject to an OSUP for over twenty years and has been reporting on his OSUP throughout that time, but the government has shown no ability to do effectuate his removal.  The Court concludes that Petitioner has satisfied his burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future.  Le v. Chesnut, No. 1:26-CV-01750 JLT SAB, 2026 WL 809891, at *6 (E.D. Cal. Mar. 24, 2026)("the lack of travel documents or any evidence regarding steps taken to secure travel documents shows that removal is not reasonably foreseeable").

Respondents did not present an opposition to the Petition.  Answer at 2.  The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.  Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding no significant likelihood of removal where the respondents failed to provide "any details about why a travel document could not be obtained in the past, nor…why obtaining a travel document is more likely this time around").  In sum, the Court concludes that Petitioner's removal is not reasonably foreseeable under Zavydas.  See Zadvydas, 533 U.S. at 701.  Accordingly, Petitioner's detention under 8 U.S.C. § 1231(a)(6) is no longer authorized and Petitioner is entitled to release.  See id. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer

authorized by statute.").

# VI.

# ORDER

**IT IS ORDERED**:

The Petition is **GRANTED**.  Respondents are **ORDERED** to immediately release **Petitioner Vee Thon (A-Number 027-738-154)** on his prior OSUP; Respondents are enjoined from re-detaining Petitioner absent a material change in circumstances and full compliance with 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(1), and due process[1]; and Respondents are directed to file a notice of compliance within twenty-four hours of this Order.

DATED:  July 13, 2026

_____
HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

---

[1] In order to revoke release, the government must notify the noncitizen of the reason for the revocation and give them both an informal and formal interview.  Delkash v. Noem, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *4 (C.D. Cal. Aug. 28, 2025).  "Petitioner must be told what circumstances had changed . . . in order to meaningfully respond to the reasons and submit evidence in opposition."  See Hashemi v. Noem, 809 F. Supp. 3d 1027, 1035 (C.D. Cal. 2025); 8 C.F.R. § 241.13(i)(3) ("afford[ing] [noncitizens] an opportunity to respond to the reasons for revocation," includes an opportunity to "submit any evidence or information that he . . . believes shows there is no significant likelihood he… [will] be removed in the reasonably foreseeable future")).

7